STEVENS, P. J., KUPFERMAN, SILVERMAN and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County entered on October 23, 1975, so far as appealed from, unanimously affirmed, without costs and without disbursements.

---

QUADROZZI CONCRETE CORPORATION, Appellant, v AMERICO MASTROIANNI et al., Respondents.

Second Department, March 21, 1977

---

* The Advisory Committee Report of October, 1955 in alluding to this objective stated: "The intent and effect of the rules is * * * to discourage battles over mere form of statement and to sweep away needless controversies * * * that [serve] either to delay trial on the merits or, to prevent a party from having a trial". (2A Moore's Fed Prac, par 8.01 [3], Advisory Committee Report of October, 1955.)

*Jessel Rothman, P. C.,* for appellants.

*Arthur Levine* for respondents.

MOLLEN, J. The order which granted the defendants' motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations should be reversed.

On December 5, 1966 the defendant Americo Mastroianni executed a deed conveying two parcels of real property to his wife, defendant Catherine Mastroianni. The deed was recorded the next day in the Nassau County Clerk's office.

On February 9, 1968, the defendant wife conveyed the same two parcels to the defendant ACM Associates, Inc. That deed was recorded on February 13, 1968. A house valued at approximately $75,000 was situated on the two parcels.

On February 16, 1973 the plaintiff entered a judgment against the defendant Americo Mastroianni in the Nassau County Clerk's office in the amount of $19,075 and, on June 25, 1973, the plaintiff entered another judgment against the same defendant in the amount of $4,002.80. Both of these judgments remain unpaid and unsatisfied.

On or about June 22, 1976 the plaintiff commenced this action to set aside the two conveyances, alleging that they were fraudulent and void as to it and that they were made with the intent to prevent and hinder its attempt to collect the amount due it under the judgments. The plaintiff further alleged that, as a result of the conveyances, the judgments it obtained did not become liens on the real property and that the defendant Americo Mastroianni rendered himself insolvent.

The defendants interposed an answer which, in addition to

containing denials, set forth an affirmative defense of the Statute of Limitations. They then moved for summary judgment upon the ground that there was no merit to plaintiff's cause of action and upon the further ground that the action was barred by the Statute of Limitations.

The Special Term granted the defendants' motion and dismissed the complaint, holding that the action was barred by the Statute of Limitations since the conveyances occurred more than six years prior to the commencement of this action. The Special Term ruled that the within action was based upon a constructive fraud and that such an action must be commenced within six years from the commission of the alleged fraud. The Special Term also held that a "complaint is sufficient without allegations of actual intent to defraud creditors *(Hearn 45 St. Corp. v Jano,* 283 NY 139) and [that] such allegations do not transform the action into one for actual fraud so as to bring it within a different statute of limitation period."

The plaintiff, in its complaint, alleges that the defendant Catherine Mastroianni is the sole stockholder of ACM Associates, Inc., and that the deed executed by the defendant Americo Mastroianni to his wife was executed without any consideration therefor. It is also alleged, in paragraph Twelfth of the complaint, that:

"Upon information and belief, the transfers by the defendant, AMERICO MASTROIANNI, to his wife CATHERINE MASTROIANNI, and from CATHERINE MASTROIANNI to ACM ASSOCIATES, INC., defendants herein, are and were fraudulent and void as to plaintiff and were made by the parties thereto, *with the intent to hinder, delay and defraud the creditors of the defendant,* AMERICO MASTROIANNI, *including the plaintiff herein,* and to prevent and hinder plaintiff from collecting and receiving the amount due it on the judgment against the defendant, AMERICO MASTROIANNI, from the proceeds of any sale of the property." (Emphasis supplied.)

Thus, the question presented is whether the plaintiff's complaint alleges a cause of action predicated upon actual fraud, or whether it alleges a cause of action predicated upon a constructive fraud. If predicated upon the ground of actual fraud, the Statute of Limitations would be six years from the commission of the fraud or two years from the time the plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is later (CPLR 213, subd 8;

203, subd [f]). A cause of action predicated upon the ground of constructive fraud must be commenced within six years from the date of the commission of the fraud (CPLR 213, subd 1). The plaintiff alleges that it discovered the fraud in December, 1975. Therefore, if the Statute of Limitations applicable to actual fraud pertains, this action was timely commenced. On the other hand, if the Statute of Limitations applicable to constructive fraud pertains, the action was properly dismissed as untimely.

In *Nasaba Corp. v Harfred Realty Corp.* (287 NY 290, 294-295), Judge RIPPEY, writing for a unanimous court, defined actual fraud as follows: "Actual fraud, as distinguished from constructive fraud, involves the element of deceit practiced upon the party defrauded *(Studer v. Bleistein,* 115 N. Y. 316, 324). Quoting Story on Equity Jurisprudence, section 186 (14th ed. § 267), Bouvier (Law Dictionary, p. 1304) says: 'Actual or positive fraud includes cases of the intentional and successful employment of any cunning, deception, or artifice, used to circumvent, cheat, or deceive another.' The fraud which is the gravemen of the actions does not lie alone in the execution and delivery of the written documents which are matters of public record. Rather, it lies, as alleged or clearly to be implied, in the deliberately secret, deceitful, undisclosed and fraudulent manipulation and transfer without consideration of the proceeds from the sale of the properties of the judgment debtors to an officer of the several corporations and to his wife with intent and dishonest and fraudulent purpose and design to make it thereby impossible for plaintiff to recover its judgments out of the debtors' properties and with the effect that such recovery became impossible. An intent and design is alleged or clearly and necessarily inferable from the complaint to misrepresent or conceal a material fact, to produce a false impression in order to mislead the plaintiff or to cheat it and therein lies the deceit which is the material constituent of actual fraud *(Willink v. Vanderveer,* 1 Barb. 599; *Forker v. Brown,* 10 Misc. Rep. 161, 162, 163). It is not claimed that affirmative and false representations were made with intent to cheat and defraud plaintiff upon reliance on which plaintiff was injured. The defendants are charged with fraudulent acts which they kept secret and concealed from plaintiff to its detriment and loss with intent that plaintiff should be misled. Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and

significance as affirmative misrepresentations of fact *(Forker v. Brown, supra)."*

In *Erbe v Lincoln Rochester Trust Co.* (2 AD2d 242, revd 3 NY2d 321), the Appellate Division, Fourth Department, by a divided vote, affirmed an order dismissing the complaint on the ground of the Statute of Limitations. The majority opinion held that, in view of certain allegations contained in the complaint and the nature of the relief demanded, the action was one seeking redress for self-dealing and breach of a fiduciary duty by the bank, aided by the individual defendants. The court also held that allegations of actual fraud were not necessary in order to obtain a recovery and could not therefore transform the action into one to obtain a judgment for fraud. Consequently, the court held that since the true cause of action was for constructive fraud, it was barred by the 10-year period of limitations pertaining to equitable actions.

The plaintiffs therein appealed to the Court of Appeals which, by a divided vote, reversed the order and denied the defendants' motion to dismiss the complaint. Judge BURKE, writing for the majority, stated (3 NY2d, at pp 325-326):

"As we read the complaint we find that despite the allegations of fiduciary relationship and the breach thereof, there are other allegations which, expressly and by fair and reasonable intendment, are sufficient to make the action one to procure a judgment on the ground of fraud within the contemplation of subdivision 5 of section 48 of the Civil Practice Act (see *Brundige v. Bradley,* 294 N. Y. 345, 349), to wit, that pursuant to a pre-arranged plan and conspiracy, and through the use of various misrepresentations, concealments and other deceitful devices, the defendant bank, acting in concert with the individual defendants, fraudulently acquired the aforementioned shares of estate stock. That the relief requested is not consistent with these allegations is of no moment. A prayer for relief may be resorted to as an aid in determining the nature of a cause of action *(Dagood Holding Corp. v. Rosenbluth,* 231 App. Div. 470, 473). However, it is not controlling and may even be disregarded if inappropriate *(Wainwright & Page v. Burr & McAuley,* 272 N. Y. 130, 132). The complaint being susceptible of such construction it may not be dismissed on motion. As we declared in *Nasaba Corp. v. Harfred Realty Corp.* (287 N. Y. 290, 296): 'At least, where the complaint may be so construed as to state causes of action the

prosecution of which is not barred by any statute of limitations, speculation as to what other cause of action may be sufficiently alleged to warrant recovery thereunder which may be barred by some statute of limitations should not be indulged in the absence of facts appearing upon the trial after the defenses upon which defendants rely have been presented by proper pleading and proof *(Schenck v. State Line Telephone Co.,* 238 N. Y. 308; *Clark v. Kirby,* 243 N. Y. 295).'
* * *

"It well may be that the evidence adduced upon a trial will not be sufficient to sustain the alleged fraud or, on the contrary, that it will be sufficient to establish that the plaintiffs had knowledge of the alleged fraud more than six years before this action was commenced, but on a motion of this kind we do not pause to indulge in such speculations. *(Nasaba Corp. v. Harfred Realty Corp., supra,* pp. 295-296.)"

I am in full accord with the rationale of the Court of Appeals in *Erbe v Lincoln Rochester Trust Co. (supra)* that, where the complaint may be construed so as to state a cause of action which is not barred by the Statute of Limitations, the court should not speculate as to what other cause of action might possibly have been alleged which is barred by some other Statute of Limitations.

In the instant case, an examination of the complaint discloses that it contains allegations which are sufficient to construe it as an action for actual fraud. Consequently, the applicable Statutes of Limitations are CPLR 213 (subd 8) and CPLR 203 (subd [f]), which permit the plaintiff to commence the action within six years after the commission of the fraud or two years from the time plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is later.

Courts should not strain to deprive a plaintiff of his day in court, where the complaint can be reasonably construed as alleging a cause of action which is not time-barred. The appropriate forum to ascertain the true facts in the context of the pleadings is in the trial courtroom. The plaintiff should be permitted to proceed to trial, at which time it will have the opportunity and the burden of proving that its cause of action is predicated upon the actual fraud of the defendants, which it did not discover, nor could have discovered with reasonable diligence, within the appropriate Statute of Limitations.

LATHAM, Acting P. J., MARGETT and SUOZZI, JJ., concur.

Order of the Supreme Court, Nassau County, dated June 30, 1976, reversed, on the law, with $50 costs and disbursements, and defendants' motion for "summary judgment * * * dismissing the complaint" denied.