## SECOND DEPARTMENT, APRIL, 1977

### (April 4, 1977)

■ ELIZABETH F. AZOY et al., Appellants, v JOSEPH M. FOWLER et al., as Executors and Distributees of C. FRED FOWLER, Deceased, Respondents.—In an action, *inter alia,* to recover damages for fraud, plaintiffs appeal (1) from an order of the Supreme Court, Orange County, dated April 29, 1976, which granted defendants' motion to dismiss the complaint, (2) from the decision of the same court, dated April 20, 1976, upon which the said order was made, (3) as limited by their brief, from so much of a further order of the same court, dated September 15, 1976, as, upon reargument, adhered to the original order and (4) from the decision of the same court, dated August 25, 1976, upon which the latter order was made. Appeals from the decisions dismissed. No appeal lies from a decision. Appeal from the order dated April 29, 1976 dismissed. That order was superseded by the order made on reargument. Order dated September 15, 1976 reversed insofar as appealed from, and motion to dismiss the complaint denied. Plaintiffs are awarded one bill of $50 costs and disbursements to cover all appeals. Anson J. Fowler died in 1923. C. Fred Fowler was appointed as one of the coexecutors and trustees of the estate. The statement of account was submitted in 1943 and, in 1945, the plaintiffs, beneficiaries of the estate, released the executors from any further liability with respect thereto and assigned any remaining right, title and interest in the assets of Anson J. Fowler to C. Fred Fowler. Due to a land title recording error which took place in 1904, and was discovered in 1969, the plaintiffs uncovered the alleged fraud, a misrepresentation of the assets of a corporation wholly owned by Anson Fowler. The alleged concealment involves some 25 transactions dealing with the delivery of deeds or satisfactions of mortgage by the corporation. The 1943 accounting statement refers to the corporation and states: "This Executor is not familiar with the books of the Newburgh-Walden Realty Co. except as disclosed by the aforesaid audit and what information has been secured from time to time from various memorandas *[sic]* & information furnished by the secretary or secretary's assistant in charge of the books, and gathered in the usual course of the Estate's business. He has, however, always acted in an advisory capacity in the conduct of its affairs and has done a good deal of work to further its interests, and has made financial advances to it, both from the Estate's account and from his own account. Only a complete audit of the books of the Newburgh-Walden Realty Co., in the opinion of the Executor, can a complete picture of the A.J. Fowler Estate be secured. This Executor, however, is of the firm opinion that there is no equity in the Newburgh-Walden Realty Co. which would result in any value to the Estate through its holding of practically all the stock in the Corporation." Special Term held that the plaintiffs' failure to make an investigation into the subject matter of the account, which investigation would have disclosed the transactions now complained of, bars the maintenance of this action by reason of the Statute of Limitations (CPLR 203, subd [f]; 213, subd 8). The question of the time when the plaintiffs are chargeable with discovery of the fraud, the time when it is established that they were

possessed of knowledge of facts sufficient to suggest to a person of ordinary intelligence the probability that he had been defrauded creating a duty to inquire, is generally a mixed question of law and fact (see *Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321). Only where it conclusively appears that the plaintiff had knowledge of facts of that nature should a complaint be dismissed on motion *(Dombadze v Lignante,* 244 NY 1). The circumstances of the instant case do not demonstrate that, as a matter of law, plaintiffs failed to exercise reasonable diligence in discovering the fraud. Nor, considering those circumstances, is their failure to ascertain the truth by inspecting the public records fatal to their action (see *Mead v Bunn,* 32 NY 275; *Todd v Pearl Woods,* 20 AD2d 911, affd 15 NY2d 817). Accordingly, the motion should have been denied and the question left to the trier of the facts. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.