*724 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the order of Supreme Court, New York County, denying defendant’s renewed motion for an order dismissing the complaint, should be reinstated, with costs to abide the event.
Joseph H. Steinhardt died in 1926 and on February 23, 1927 letters testamentary were issued by the Surrogate’s Court of New York County to defendant Norman D. Frank and to Milo O. Frank, the latter of whom passed away in 1963 without subsequent substitution. The persons named as executors were also designated as trustees of all trusts established under the will of decedent Steinhardt. Plaintiff Trepuk and defendant are sister and brother, both being stepchildren of Steinhardt. Trepuk and her children, Joseph M. Gidding and Nelson R Gidding, were beneficiaries of the Steinhardt estate and were the original plaintiffs in this action. After commencement of this action in 1974, Joseph M. Gidding died and his executors were substituted in his stead as party plaintiffs pursuant to court order.
The complaint, seeking money damages and other relief, alleges certain fraudulent acts and statements on the part of defendant, including the filing of a false tax return in which it was set forth that the Steinhardt estate was insolvent and had a deficit, of which fraud plaintiffs had no knowledge until 1973. Previously, Supreme Court denied defendant’s application to dismiss pursuant to CPLR 3211 (subd [a], par 5), and the Appellate Division modified to the extent of granting leave to renew the application after the taking of discovery proceedings. In an ensuing deposition, plaintiff Trepuk testified it was in 1927 that defendant had misrepresented the financial condition of the estate and that her mother also had told her that the estate was insolvent. Reliance upon one’s mother and fiduciary brother was understandable and the extraordinary delay in discovery is therefore equally understandable. Upon renewal of the motion, Trepuk by affidavit confirmed her previous testimony in these respects and stated that defendant after making said representation failed to correct it thereafter.
There is no indication in the challenged pleading or in the papers submitted that plaintiffs actually "discovered the fraud” prior to 1973 and, ordinarily, an inquiry as to the time a plaintiff or the person under whom he claims "could with *725 reasonable diligence have discovered it” is a mixed question of law and fact (see CPLR 213, subd 8, formerly subd 9 [see L 1975, ch 43, § 2, eff Sept. 1, 1975]; Erbe v Lincoln Rochester Trust Co., 3 NY2d 321, 326; Higgins v Crouse, 147 NY 411, 415). The facts and circumstances to be considered here do not justify a holding as a matter of law that plaintiffs, or any person under whom one of them may claim, could have discovered the fraud alleged in the exercise of reasonable diligence. Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of the facts (Dumbadze v Lignante, 244 NY 1, 9; see Azoy v Fowler, 57 AD2d 541).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.