■ PATRICK A. THOMPSON et al., Respondents, v WHITESTONE SAVINGS AND LOAN ASSOCIATION, Appellant. — In an action, *inter alia,* for a judgment declaring illegal defendant's method of amortizing mortgage principal balances prior to January 1, 1972, and to recover damages for fraud and conversion, defendant appeals (1) from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated March 28, 1983, as granted plaintiffs' application for class action certification and directed the parties to appear for a hearing on the issue of the notice to be given to the members of the class, and (2) as limited by its brief, from so much of a further order of the same court, dated September 9, 1983, as denied defendant's motion for reargument of plaintiffs' application, and as denied defendant's motion to quash a subpoena. By this court's order dated October 10, 1983, the appeal from so much of the order dated September 9, 1983, as denied defendant's motion for reargument was dismissed, *sua sponte,* since no appeal lies from the denial of a motion for reargument. ¶ Order dated March 28, 1983, modified, on the law and the facts, by adding provisions thereto (1) limiting class certification to those persons who have paid or are still paying mortgages, or who have sold property subject to mortgages with defendant executed prior to January 1, 1972, which obligated the mortgagor to pay, in addition to monthly principal and interest, "an amount at least equivalent to one-twelfth $(\frac{1}{12})$ of the * * * [estimated] annual taxes" on the mortgaged real property and (2) requiring plaintiffs to bear any costs incurred in notifying the class. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. ¶ Order dated September 9, 1983, modified, on the law and the facts, by adding a provision thereto limiting the material discoverable pursuant to the subpoena duces tecum to a list of the names and addresses of those persons who fall within the definition of the aforementioned certified class, as modified herein. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. ¶ Plaintiffs' complaint alleges that defendant's method of crediting mortgage payments prior to 1972 is illegal and amounts to fraud and

conversion of plaintiffs' mortgage payments. However, the gravamen of the complaint is that defendant failed to segregate the portion of the mortgage payments representing an estimate of one twelfth of the annual taxes on the mortgaged properties. Hence, the class should be limited to those persons whose mortgages provided for payments of estimated taxes on their mortgaged real property. ¶ In all other respects, the requirements for class action certification were satisfied (*Hoerger v Board of Educ.*, 98 AD2d 274; *Friar v Vanguard Holding Corp.*, 78 AD2d 83). Although the damages allegedly sustained by the class may raise individual issues inappropriate for class action treatment, a common question of law and fact, namely, the propriety of defendant's method of crediting monthly mortgage payments (estimated tax payments), predominates over any individual issues, warranting class action treatment at least as to liability (see *Friar v Vanguard Holding Corp., supra*, pp 98-99; *Simon v Cunard Line*, 75 AD2d 283, 289). Furthermore, we find that because defendant is located in New York and the activities complained of took place in New York, there are sufficient contacts between the proposed class and New York to exercise jurisdiction over any nonresident class members. Finally, while the subpoena served on defendant by plaintiffs should not be quashed because it is reasonably related to the issue of the notice to be given to the potential class members (cf. *Virag v Hynes*, 54 NY2d 437, 442), the material discoverable pursuant to the subpoena should be limited to a list of the names and addresses of the members of the class, as limited herein. ¶ Any costs that may be incurred in notification to the class shall be borne by the plaintiffs. Mollen, P. J., Gibbons, Bracken and Niehoff, JJ., concur.