■ SIDNEY FREAD, Respondent, v JOSEPH L. GRABOWSKI et al., Appellants.—In an action to set aside a conveyance of real property, the defendants appeal from (1) a judgment of the Supreme Court, Westchester County (Zeck, J.H.O.), entered August 9, 1988, which, after a nonjury trial, set the conveyance aside as fraudulent, and (2) a resettled judgment of the same court, dated August 29, 1988, which granted that same relief, and, in addition, awarded the plaintiff attorney's fees of $7,500.

Ordered that the appeal from the judgment entered August 9, 1988, is dismissed, as that judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff Sidney Fread and the defendant Joseph L. Grabowski were coguarantors on loans made by Chemical Bank to Unique Plumbing & Heating, Inc. (hereinafter Unique), in September and November of 1972. In order to secure the loans, Fread deposited as collateral certain bonds and certificates worth $50,000. Unique defaulted on its loan obligations, and on January 15, 1973, Fread directed Chemical Bank to close out the matter and apply the collateral to the outstanding debt. Chemical Bank did so, and forwarded a check for $14,848.26 to Fread, representing the balance of the collateral value. Fread then commenced an action against Grabowski to recover damages for Grabowski's share of Fread's loss on the guarantees. Grabowski defaulted and Fread obtained a judgment against him for $15,901.70 on May 10, 1979. This judgment has gone unsatisfied, and Grabowski has been held in contempt twice for resisting discovery of his assets.

On February 21, 1985, Fread learned, for the first time, that Grabowski had conveyed his interest in a single-family home and its attendant property to his wife, the codefendant appellant Agnes Grabowski, on March 26, 1973, just over two months after Fread satisfied his and Grabowski's guarantees on the Chemical Bank loans. On March 12, 1985, Fread instituted the instant action to set aside the conveyance as fraudulent. In their answers, the Grabowskis pleaded the Statute of Limitations, asserting that Fread's complaint made out a cause of action sounding in constructive, as opposed to actual, fraud. At the trial, the court determined that the Grabowskis had acted with actual fraudulent intent in effecting the transfer of the property in question, and that the transfer had been made without consideration. The court declared the transfer null and void, and, following a hearing, awarded attorney's fees to Fread.

The Grabowskis assert on appeal that the trial court improperly refused to dismiss Fread's complaint. They assert that the cause of action was one based upon *constructive* fraud, and thus barred by the applicable six-year Statute of Limitations.

The complaint, however, clearly sets forth a cause of action sounding in *actual* fraud in connection with the conveyance, alleging that the Grabowskis intentionally deceived Fread *(Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290, 294-295; 60 NY Jur 2d, Fraud and Deceit, § 2). Due to the presence of actual fraud, the six-year Statute of Limitations is extended until two years after discovery of the fraud (CPLR 203 [f]; 213 [8]; *Abbate v Abbate,* 82 AD2d 368, 386; *Quadrozzi Concrete v Mastroianni,* 56 AD2d 353, 355-356). The record indicates that Grabowski affirmatively misrepresented the date of the conveyance as having been prior to the date that Fread acquired a cause of action against Grabowski for Grabowski's share of the loss on the guarantees. Because of Grabowski's deception, two years prior to the commencement of the action, Fread was unaware of facts which would reasonably have put him on notice of the fraudulent nature of the conveyance. Thus, the action was not time barred *(Thompson v Whitestone Sav. & Loan Assn.,* 131 AD2d 749, 751; *Azoy v Fowler,* 57 AD2d 541, 542).

Given that Fread proved actual fraud in the conveyance of the property in question, attorney's fees were properly awarded to him *(see, Bagnall v Daharjon, Inc.,* 89 AD2d 612, 613; Debtor and Creditor Law § 276-a). Thompson, J. P., Rubin, Rosenblatt, and Miller, JJ., concur.