■ GLADYS M. DAGNOLI et al., Individually and on Behalf of All Other Persons Similarily Situated, Respondents, v SPRING VALLEY MOBILE VILLAGE et al., Appellants.—In an action, *inter alia,* for a judgment declaring the terms of a lease to be unreasonable, the defendants appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), dated October 14, 1988, which granted the plaintiffs' motion pursuant to CPLR article 9 to maintain the action as a class action.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contentions, the plaintiffs have adequately established that the requirements of CPLR 901 (a) for the maintenance of a class action have been met in this case. Inasmuch as there is a large number of readily identifiable class members, joinder is impracticable *(see,* CPLR 901 [a] [1]; *Friar v Vanguard Holding Corp.,* 78 AD2d 83; *Ammon v Suffolk County,* 67 AD2d 959). A class action format is also favored because common questions of law and fact (i.e., the propriety and reasonableness of challenged rules and regulations promulgated by the defendants and applied to the class members) clearly predominate over any potential subsidiary issues peculiar to individual class members *(see,* CPLR 901 [a] [2]; *Weinberg v Hertz Corp.,* 116 AD2d 1, *affd* 69 NY2d 979; *Thompson v Whitestone Sav. & Loan Assn.,* 101 AD2d 833). Moreover, because the claims of the plaintiff class representatives derive from the same course of conduct by the defendants which gave rise to the claims of the other class members and are based upon the same legal theory, the plaintiffs

have sufficiently demonstrated that their claims are typical of the claims of the class (see, CPLR 901 [a] [3]; *Friar v Vanguard Holding Corp., supra).* Similarly, while it is clear that a class representative acts in a fiduciary capacity with respect to the class members and must fairly and adequately protect the interests of the class (see, CPLR 901 [a] [4]; *City of Rochester v Chiarella,* 65 NY2d 92), the plaintiffs herein have established their willingness and intention to do so, and the defendants have submitted no evidence to the contrary. It is further apparent that a class action format in this case is far superior to the maintenance of numerous separate actions or to the joinder of numerous separate plaintiffs (see, CPLR 901 [a] [5]; *Hoerger v Board of Educ.,* 98 AD2d 274). Indeed, the use of the class action format will undoubtedly save great time, effort and expense for the parties and will conserve judicial resources (see generally, CPLR 902; *Matter of Lamboy v Gross,* 126 AD2d 265; *Friar v Vanguard Holding Corp., supra).*

The defendants' additional contentions regarding potential conflicts between the plaintiffs and class members and the purported inadequacy of the opting out procedure employed herein are unsubstantiated by the record. In any event, the trial court may obviate any potential prejudice which may arise by resort to the remedial measures contained in CPLR article 9 (see, *Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604; *Friar v Vanguard Holding Corp., supra; Vickers v Home Fed. Sav. & Loan Assn.,* 56 AD2d 62). Kunzeman, J. P., Eiber, Sullivan and Miller, JJ., concur.