**In re Joseph L. GRABOWSKI, Debtor.**

**Jeffrey L. SAPIR as Trustee in Bankruptcy of Joseph L. Grabowski, Plaintiff,**

**v.**

**Joseph GRABOWSKI and Agnes Grabowski, Defendants.**

**Bankruptcy No. 89 B 20187.**
**No. 90 ADV. 6054.**

United States Bankruptcy Court, S.D. New York.

April 17, 1991.

Jeffrey L. Sapir, Trustee, White Plains, N.Y.

Abraham Morris, Yonkers, N.Y., for defendants.

## DECISION ON MOTION FOR AN ORDER DISMISSING COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy in this voluntary Chapter 7 case filed by the debtor, Joseph L. Grabowski, has commenced an adversary proceeding pursuant to 11 U.S.C. § 363(h) to sell a parcel of developed residential real estate which the trustee claims is owned by the debtor and his nondebtor wife as tenants by the entirety. The debtor resists the trustee's claim on the ground that the real estate is owned entirely by his nondebtor wife as a result of the debtor's conveyance of his interest in the entirety to his wife on March 26, 1973. The trustee counters with the argument that the March 26, 1973 conveyance to the debtor's wife was set aside as a fraudulent conveyance by the Supreme Court of the State of New York, Westchester County, in August of 1988, which decision was affirmed on appeal to the Appellate Division, Second Judicial Department in March of 1990. The debtor's motion for reargument of the appeal was denied.

The debtor now moves pursuant to Fed. R.Civ.P. 12(b)(6) and made applicable by Bankruptcy Rule 7012, to dismiss the trustee's complaint for failing to state a claim for which relief may be granted because the state court judgment is void on its face. Alternatively, the debtor has moved for summary judgment pursuant to Fed.R. Civ.P. 56 and Bankruptcy Rule 7056 on the ground there is no genuine issue as to any material ultimate fact contained in the complaint.

The noncontroversial paragraphs in the trustee's complaint relate to the factors required to satisfy 11 U.S.C. § 363(h). Thus, the complaint alleges that partition of the real estate is impracticable; a sale of the estate's undivided interest in the property would realize significantly less than the sale of the property free of the interests of the debtor and his wife; the benefit to the estate of a sale free of the interests of the co-owners outweighs any detriment to them; and the premises are not used in

the production or distribution of natural or synthetic gas.

The controversial paragraphs in the complaint are paragraphs # 3 and # 4, which allege that the debtor, rather than his wife, is the actual owner of the property by reason of the state court's avoidance of the debtor's conveyance of his interest to his wife. The transfer was ruled to be a fraudulent conveyance. The questionable paragraphs in the complaint state as follows:

On or about March 12, 1990, the Appellate Division, 2nd Department affirmed a judgment obtained by Mr. Sidney Fread against the debtor setting aside a fraudulent conveyance of real property by the debtor to his wife, AGNES GRABOWSKI.

As such, the property of the Debtor, known as 17 Stanley Avenue, Hastings-on-Hudson, New York, is owned as tenants by the entirety by the Debtor and his wife.

### The Complaint

■ In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable under Bankruptcy Rule 7012, on the ground that the complaint fails to state a claim upon which relief can be granted, the court must accept as true all of the well-pleaded facts alleged in the complaint. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bloor v. Carro, Spanbock, Landin, Rodman & Fass*, 754 F.2d 57 (2d Cir.1985). The motion must be granted when it appears with certainty that no set of facts could be proven at trial which would entitle the plaintiff to any relief. *Conley v. Gibson, Id.; Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944); *In re Rudaw/Empirical Software Products, Inc.*, 83 B.R. 241 (Bankr.S.D.N.Y.1988); *Transworld Airlines, Inc., et al, v. Texaco Inc., (In re Texaco)*, 81 B.R. 813 (Bankr.S.D.N.Y.1988).

■ In the instant case, there is nothing in the language of the complaint that would suggest that the state court judgment, which set aside the debtor's convey-ance of his interest in the property in question to his wife, is an invalid, non-final judgment. Accordingly, it cannot be said that the trustee could not prove any facts at the trial which would entitle him to the relief sought in the complaint.

### Summary Judgment

■ In ruling on a motion for summary judgment the court's function is to determine whether a genuine issue as to any material fact exists, not to resolve any factual issues, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court must deny summary judgment where there is a genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and grant summary judgment where there is no such issue and the movant is entitled to judgment as a matter of substantive law. *Hamilton v. Smith*, 773 F.2d 461 (2d Cir.1985). The moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitled him to judgment as a matter of law. *Katz v. Goodyear Tire & Rubber Company*, 737 F.2d 238, 244 (2d Cir.1984); *See* J. Moore, A. Vestal, P, Kurkland, Moore's Federal Practice and Procedure § 17.10 at 17–34 (2d ed. 1987).

■ The debtor in this case urges various grounds in support of his motion for summary judgment dismissing the trustee's adversary proceeding bottomed on 11 U.S.C. § 363(h). The debtor's first ground is that the complaint filed in the state court by the creditor, Sidney Fread, which alleged a fraudulent conveyance of the real estate by the debtor to his wife, did not state a cause of action. The debtor also argues that the state court decision which set aside the debtor's transfer as a fraudulent conveyance did not contain a finding that Sydney Fread was a creditor of the debtor at the time of the fraudulent conveyance. Both of these points were rejected on the debtor's appeal to the New York Appellate Division, Second Department, which ruled in relevant part as follows:

The complaint, however, clearly sets forth a cause of action sounding in *actual* fraud in connection with the conveyance, alleging that the Grabowskis intentionally deceived Fread (*Nasaba Corp. v. Harfred Realty Corp.*, 287 NY 290, 294–295 [39 N.E.2d 243]; 60 NY Jur 2d, Fraud and Deceit, § 2). Due to the presence of actual fraud, the six-year Statute of Limitations is extended until two years after discovery of the fraud (CPLR 203[f], 213[8]; *Abbate v. Abbate*, 82 AD2d 368, 386 [441 N.Y.S.2d 506]; *Quadrozzi Concrete v. Mastroianni*, 56 AD2d 353, 355–356 [392 N.Y.S.2d 687]). The record indicates that Grabowski affirmatively misrepresented the date of the conveyance as having been prior to the date that Fread acquired a cause of action against Grabowski for Grabowski's share of the loss on the guarantees. Because of Grabowski's deception, two years prior to the commencement of the action, Fread was unaware of facts which would reasonably have put him on notice of the fraudulent nature of the conveyance. Thus, the action was not time barred (*Thompson v. Whitestone Sav. & Loan Assn.*, 131 AD2d 749, 751 [516 N.Y.S.2d 963]; *Azoy v. Flower*, 57 AD2d 541, 542 [393 N.Y.S.2d 173]).

Given that Fread proved actual fraud in the conveyance of the property in question, attorneys' fees were properly awarded to him (*see, Bagnall v. Daharjon, Inc.*, 89 AD2d 612, 613[, 452 N.Y. S.2d 658]; Debtor and Creditor Law § 276–a).

*Fread v. Joseph L. Grabowski*, 159 A.D.2d 550, 552 N.Y.S.2d 415 (2d Dept.1990). The debtor's motion for reargument and for leave to appeal to the New York Court of Appeals was denied by the Appellate Division on July 16, 1990.

The debtor further argues that the New York Appellate Division's decision is not binding because the order entered by the Appellate Division on March 12, 1990, and the order denying reargument dated July 16, 1990, were both not signed by a Justice of the court or by the clerk of the court. Both orders were on printed forms, with the name of the clerk of the New York Appellate Division, Second Judicial Department, printed at the bottom of each order.

■ Section 2219(b) of the New York Civil Practice Law and Rules provides:

(b) Signature on appellate court order. An order of an appellate court shall be signed by a judge thereof except that, upon written authorization by the presiding judge, it may be signed by the clerk of the court or, in his absence or disability, by a deputy clerk.

The fact that the certified copies of the New York Appellate Division's orders are not manually signed does not mean that the originals are also unsigned. The debtor has presented no evidence that the original orders are not in conformance with CPLR § 2219(b). It is standard practice for the Appellate Division to issue certified copies of orders which are printed by a word processing machine. The court clerk's certification relates to the language in the order and that the order was entered in the court records. If the debtor had presented evidence that the original orders, which are held by the court for safe keeping and not distributed upon request, were not signed in conformity with CPLR § 2219(b) and were not valid orders as certified by the court clerk, it would still not follow that the two state court decisions were meaningless. The ministerial function of a manual signature by the court clerk could be cured by a *nunc pro tunc order*. Pending such curing, the debtor would have at least an equitable or constructive interest in the property in question as a result of the two court decisions which would be a sufficient interest to qualify as property of the estate within the meaning of 11 U.S.C. § 541. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In any event, there exists a question of fact as to whether or not the original orders entered by the New York Appellate Division are really unsigned, as claimed by the debtor. The certified copies do not establish that the original orders do not comply with CPLR § 2219(b).

CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The debtor's motion to dismiss the trustee's complaint pursuant to Fed.R. Civ.P. 12(b)(6) and Bankruptcy Rule 7012 is denied. The complaint states a claim upon which relief may be granted.

3. The debtor's motion for summary judgment under Fed.R.Civ.P. 56 and Bankruptcy Rule 7056 is denied. There is a genuine factual issue to support the trustee's position that the debtor has an interest in the real estate in question which may be sold by the trustee under 11 U.S.C. § 363(h).

SETTLE ORDER on notice.