See also 126 B.R. 24.

In re Joseph L. GRABOWSKI, Debtor.

Jeffrey L. SAPIR as Trustee in Bankruptcy of Joseph L. Grabowski, Plaintiff,

v.

Joseph GRABOWSKI and Agnes Grabowski, Defendants.

Bankruptcy No. 89 B 20187.

No. 90 Adv. 6054.

United States Bankruptcy Court, S.D. New York.

Sept. 19, 1991.

Jeffrey L. Sapir, White Plains, N.Y., Trustee.

Abraham Morris, Yonkers, N.Y., for defendants.

## DECISION ON TRUSTEE'S MOTION TO SELL JOINTLY HELD PROPERTY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

In this voluntary Chapter 7 case filed by the debtor, Joseph L. Grabowski, the trustee in bankruptcy has commenced an adversary proceeding pursuant to 11 U.S.C. § 363(h) to sell a parcel of developed residential real estate which the trustee claims is owned by the debtor and his nondebtor wife as tenants by the entirety. The debtor, opposing the trustee's claim, asserts that the real estate is owned completely by his nondebtor wife as a result of the debtor's conveyance of his interest in the entirety to his wife. The trustee contends that the debtor's transfer to his spouse was set aside as a fraudulent conveyance by the Supreme Court of the State of New York, Westchester County, which decision was affirmed on appeal to the Appellate Division, Second Judicial Department. The debtor argues that both the New York State Supreme Court decision and the subsequent Appellate Division order affirming it are void so that the conveyance in question remains valid.

### FINDINGS OF FACT

1. On March 30, 1989, the debtor, Joseph L. Grabowski, filed with this court a voluntary petition under Chapter 7 of the Bankruptcy Code. On April 13, 1989, Jeffrey L. Sapir was appointed as interim trustee pursuant to 11 U.S.C. § 701(a). Mr. Sapir now serves as trustee in this Chapter 7 case by operation of law under 11 U.S.C. § 702(d).

2. The debtor, and his wife, Agnes Grabowski, acquired, as tenants by the entirety, a parcel of developed residential real property at 17 Stanley Avenue, Hastings-on-Hudson, New York where they currently reside.

3. The debtor conveyed his interest in the property to his wife on March 26, 1973 by a bargain and sale deed which was duly recorded the following day. This transfer was set aside by the Supreme Court of the State of New York, Westchester County, in August, 1988 in an action brought by Sidney Fread, Mr. Grabowski's principal creditor, challenging the conveyance as fraudulent. The Appellate Division, Second Department, unanimously affirmed the lower court decision and entered an order of judgment on March 12, 1990. On July 16, 1990, that court denied the debtor's requests for reargument and for leave to appeal.

4. The certified photostatic copy of the Appellate Division, Second Department's orders of March 12, 1990 and July, 16 1990, indicate that the original orders were facsimile stamped with the signature of the clerk of the court. The original documents were retained by the court for safe keeping and are not distributed upon request in accordance with the court's usual practice.

5. The trustee, pursuant to 11 U.S.C. § 327(d), employed Frank J. Palumbo to appraise the residential real estate at 17 Stanley Avenue, Hastings-on-Hudson, New York. Mr. Palumbo, who testified in this court as an expert witness under Federal Rule of Evidence 702, valued the property at $353,000.00. This estimate is based upon ownership in fee simple absolute which, according to Mr. Palumbo, is the most valuable property interest. Mr. Palumbo testified that a sale of only the debtor's undivided interest in the property would realize substantially less than the sale of the property free of the interests of the debtor and his wife. In Mr. Palumbo's opinion, sale of only Mr. Grabowski's interest in the entirety is impracticable. The debtor did not challenge Mr. Palumbo's testimony.

## DISCUSSION

Under 11 U.S.C. § 363(h), the trustee in bankruptcy may sell a co-owner's interest in property in which the debtor had, at the commencement of the action, an undivided ownership interest such as a tenancy by the entirety. Such a sale is authorized if partition is impracticable; a sale of the estate's undivided interest in the property would realize significantly less than the property free of the co-owner's interest; the benefit to the estate of a sale free of the interests of the co-owners outweighs any detriment to them; and the premises are not used in the production or distribution of natural or synthetic gas. 11 U.S.C. § 363(h)(1)–(4).

The trustee in this case, Jeffrey L. Sapir, seeks to sell real property at 17 Stanley Avenue, Hastings-on-Hudson, New York which he alleges is owned by the debtor and his wife as tenants by the entirety. Mr. Sapir has introduced uncontested evidence including expert testimony which supports selling the real estate free and clear of the interests of any co-owners under 11 U.S.C. § 363(h). The defendants, Joseph and Agnes Grabowski, do not dispute these findings. Rather, the debtor and his wife maintain that the real property in question is not within the purview of 11 U.S.C. § 363(h) because it is not jointly held but owned entirely by the debtor's wife as a result of the debtor's conveyance of his interest to her on March 26, 1973.

The trustee asserts that the March 26, 1973 transfer was set aside as fraudulent by the Supreme Court of the State of New York, Westchester County, in August 1988, in an action brought by Sidney L. Fread, Mr. Grabowski's principal creditor. This decision was affirmed on appeal by the Appellate Division, Second Judicial Department and an order was entered on March 12, 1990. The debtor's requests for reargument and leave to appeal were denied in July of 1990. The debtor and his wife claim that the state court orders upon which the trustee relies are void.

 The trustee must establish that the debtor has an interest in the realty under 11 U.S.C. § 363(o)(2) which places the burden of proving the validity of a property interest on the party asserting that interest. Here, Mr. Sapir has sustained his burden by introducing certified copies of the aforementioned Appellate Division orders which, as public documents, may be used to prove the contents of the original orders under Federal Rule of Evidence 1005. The certified copies of the state court orders establish that the March 26, 1973 conveyance from the debtor to his wife has been set aside as fraudulent. The burden now shifts to the defendants to prove that the state court orders are invalid. The debtor asserts that the state court rulings are void on two grounds.

 First, the debtor argues that the New York State Supreme Court ruling is void on its face because the court failed to articulate an essential fact upon which it based its decision. New York CPLR § 4213(b) requires that the court set forth facts that it deems essential. Specifically, the debtor points out that the decision does not contain a finding that Sidney L. Fread was a creditor of Mr. Grabowski at the time of the fraudulent conveyance. Such a finding, the debtor contends, is an indispensable fact and must be included in the court's decision under CPLR § 4213(b).

This argument was rejected on the debtor's appeal to the New York Appellate Division, Second Department, which ruled in relevant part as follows:

> The record indicates that Grabowski affirmatively misrepresented the date of the conveyance as having been prior to the date that Fread acquired a cause of action against Grabowski for Grabowski's share of the loss on the guarantees. Because of Grabowski's deception, two years prior to the commencement of the action, Fread was unaware of the facts which would reasonably put him on notice of the fraudulent nature of the conveyance.

*Fread v. Grabowski*, 159 A.D.2d 550, 552 N.Y.S.2d 415 (Second Judicial Department, 1990).

The debtor also argues that the New York Appellate Division's decision is not binding because the order entered on

March 12, 1990 affirming the New York State Supreme Court, and the order denying reargument dated July 16, 1990, were not signed by a Justice or clerk of the court as required by New York law. New York Civil Practice Law and Rules § 2219(b) provides as follows:

> (b) Signature on appellate court order. An order of an appellate court shall be signed by a judge thereof except that, upon written authorization by the presiding judge, it may signed by the clerk of the court or, in his absence or disability, by a deputy clerk.

N.Y.Civ.Prac.L. & R. § 2219(b) (McKinney 1980). In this case, the certified photostatic copies of the New York Appellate Division's orders indicate that the original documents were facsimile stamped with the signature of the clerk of the court, Martin Bronstein, who is presumably authorized by the presiding judge to sign such orders. The debtor argues that because the order was not manually signed but merely stamped with Mr. Bronstein's signature, it is unsigned for purposes of CPLR § 2219(b) and therefore, the order is void on its face.

In addressing the debtor's argument, this court must decide whether a facsimile stamped signature satisfies CPLR § 2219(b). New York General Construction Law is pertinent. General Construction Law applies to every state law under GCL § 110 unless a statute plainly expresses a contrary intent. *People by Lefkowitz v. MacDonald*, 69 Misc.2d 456, 330 N.Y.S.2d 85 (1972). Thus, it applies to CPLR § 2219 because there is nothing in the language of that statute which suggests otherwise.

The term signature is defined by GCL § 46 and includes "any memorandum, mark or sign, printed, stamped, photographed, engraved, or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing." N.Y.Gen.Constr.Law § 46 (McKinney 1980). Therefore, it follows that the facsimile stamped signatures on the New York Appellate Division orders are signatures. Thus, the original orders stamped with Mr. Bronstein's signature were indeed signed in compliance with CPLR § 2219(b) and are valid.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The debtor has failed to show that the state court orders in question are void. The orders which set aside the March 26, 1973 conveyance establish that the debtor and his wife own the real property at 17 Stanley Avenue, Hastings-on-Hudson, New York as tenants by the entirety. The jointly held property is within the scope of 11 U.S.C. § 363(h).

3. The trustee has sustained his burden of proof under 11 U.S.C. § 363(h). The debtor has not sustained his burden of proof, as imposed under 11 U.S.C. § 363(o)(2).

4. The trustee's motion to sell the real estate in question pursuant to 11 U.S.C. § 363(h) free of the interest of the debtor's wife is granted.

SETTLE ORDER on notice.