**Laurence H. LEVY, Trustee, of Landbank Equity Corporation, Plaintiff–Appellee,**

**v.**

**Carl KINDRED; Virginia Beach Properties, Inc., Defendants–Appellants,**

**and**

**Cavill Kindred; Property Market, Inc., Defendants.**

**No. 87–1698.**

United States Court of Appeals, Fourth Circuit.

Argued March 11, 1988.

Decided Aug. 23, 1988.

Rehearing Denied Sept. 26, 1988.

Jack E. Ferrebee, Virginia Beach, for defendants-appellants.

David H. Adams, Clark & Stant, P.C. Virginia Beach, on brief, for plaintiff-appellee.

Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

SPROUSE, Circuit Judge:

Carl Kindred and his wholly-owned corporation, Virginia Beach Properties, Inc. (VBP), appeal from the judgment of the district court, which affirmed the bankruptcy court's judgment holding them liable for funds received from Landbank Equity Corporation and its related companies (Landbank) in fraud of Landbank's creditors. The bankruptcy court awarded Landbank's trustee in bankruptcy, Laurence Levy, $104,327.46 against Kindred and $46,224.84 against VBP, representing amounts it found they had received from Landbank without consideration in violation of Va. Code §§ 55–80, –81 (1986 & Supp.1988).[1] We agree with the district court that the bankruptcy court's finding the transfers were made with the intent to defraud Landbank's creditors is amply supported by the record and affirm the judgment.

I.

Carl Kindred has been engaged in the real estate business in the Virginia Beach, Virginia area for a number of years. In 1980 he incorporated VBP as his wholly-owned corporation for use in connection with his real estate activities. Kindred, both in his individual capacity and through his corporation, worked closely with William Runnells and other officers of Landbank. Apparently, Kindred and Runnells were personal friends as well as close business associates. Kindred's dealings with Runnells and Landbank were numerous and varied. They included making loans to Runnells and receiving loans from Runnells or Landbank, providing appraisal, managerial, and consulting services, engaging in various purchase and deed-back transactions, trading checks between the corporations, and various other transactions.

In 1985 Landbank went into bankruptcy, and the trustee was appointed to assemble its assets. In 1986 the trustee brought suit in the bankruptcy court seeking to set aside fraudulent transfers and to recover improper preferential payments made from Landbank to Kindred and VBP. One example of a practice by Kindred that the trustee argued was fraudulent was his practice of swapping checks with Landbank. Kindred testified that on occasions when Landbank needed immediate funds, he would write a check to Landbank from VBP so that it would appear to a lending institution that Landbank had legitimate deposits. The lending institution would then allow Landbank to overdraft its account, and Runnells would later return the funds to VBP using a check from one of the Landbank companies.

Another series of transactions that the trustee argued were fraudulent involved sale and deed-back arrangements. Landbank often was unable to obtain construction loans on properties owned by its affiliates and unable to sell to investors notes for which a Landbank company was the debtor. Kindred testified that Runnells arranged transactions in which Landbank deeded properties to Kindred or VBP, who obtained loans and then transferred the properties and notes back to Landbank.

Another practice admitted by Kindred was the signing of blank appraisal forms for Landbank properties. Landbank used these "appraisals" to facilitate the sale of investment packages. Kindred received fees for performing these "appraisals."

The trustee also claimed that Kindred and VBP received numerous transfers from Landbank for which they provided no consideration. Kindred received checks de-

---

1. The trustee brought his action under 11 U.S.C. § 544, which allows a trustee in bankruptcy to avoid voidable transactions and transfers made by the debtor. Whether particular transfers are voidable is determined under state law; in this case, Va.Code Ann. §§ 55–80, –81, defining void transfers and gifts.

noted as payment for consultation fees, although he admitted not having performed consultations. Kindred claimed the checks were actually loan repayments. The trustee also sought to recover appraisal fees Landbank paid to Kindred and VBP, interest points not charged on loans from Landbank to Kindred and VBP, payments for landscaping services, loans allegedly not repaid by Kindred, and other unexplained miscellaneous payments from Landbank to Kindred and VBP. In support of these claims, the trustee presented the testimony of a certified public accountant it employed to investigate Landbank's dealings as well as Kindred's testimony as a hostile witness.

The bankruptcy court rejected some of the trustee's allegations. It specifically refused to order Kindred to repay fees he had received for appraisal services, finding that Kindred had sufficiently justified the fees. It also found Kindred had justified payments received for landscaping and repair work. In addition, the bankruptcy court determined that Kindred had repaid certain loans and declined to order him to compensate the trustee for interest points Landbank had not charged on loans made to Kindred and VBP.

The bankruptcy court determined, however, that Kindred received numerous bogus payments for services which he either was not qualified to perform or which actually were not performed. It found that the check swapping, deed swapping, and false appraisals were fraudulently motivated. Based on the testimony of Kindred and the investigating certified public accountant, the bankruptcy court also identified a number of additional payments Kindred received from Landbank affiliates or from Runnells directly for which Kindred could not establish that he provided any consideration. Combining the transactions established as illegitimate with those for which Kindred could provide no sufficient explanation, the court arrived at an award totaling $104,327.46 against Kindred personally and $46,224.84 against VBP. The court refused the trustee's request for punitive damages.

On appeal to the district court, Kindred and VBP challenged the bankruptcy court's award and the trustee challenged the denial of certain of its claims. The district court upheld the bankruptcy court's findings against Kindred and VBP, holding they were adequately supported by the testimony at the hearing. The district court refused to consider the trustee's complaints because the trustee failed to meet the jurisdictional requirement of filing a cross-appeal.

## II.

■ In the current appeal Kindred first contends the bankruptcy court erred in awarding judgment against him under sections 55–80 and 55–81 because for each section the evidence failed to establish one of the required elements.[2] Kindred reads both sections to require a trustee to prove the existence of creditors before the trustee can proceed against a recipient of a fraudulent conveyance. Kindred failed,

---

2. Section 55–80 provides:

**Void fraudulent acts; bona fide purchasers not affected.**—Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, every suit commenced or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

Section 55–81 provides:

**Voluntary gifts, etc., void as to prior creditors.**—Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, or which is upon consideration of marriage, by an insolvent transferor or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts shall have been contracted at the time it was made, but shall not, on that account merely, be void as to creditors whose debts shall have been contracted or as to purchasers who shall have purchased after it was made. Even though it is decreed to be void as to a prior creditor, because voluntary or upon consideration of marriage, it shall not, for that cause, be decreed to be void as to subsequent creditors or purchasers.

however, to raise this issue below. Absent exceptional circumstances, an appellate court will not consider an issue raised for the first time on appeal. *United States v. One 1971 Mercedes Benz,* 542 F.2d 912, 915 (4th Cir.1976). No exceptional circumstances are present to justify departure from this rule.

### III.

■ Kindred next argues that the evidence was insufficient to establish that he received transfers made with the intent to defraud creditors in violation of section 55–80, or transfers without consideration in violation of section 55–81. We find no merit in either contention. Kindred's fraudulent intent is demonstrated by his testimony that he swapped checks and engaged in purchase and deed-back arrangements with Landbank to trick lenders into extending credit to Landbank and that he signed blank appraisal forms to induce investors to purchase Landbank's loans. Kindred's testimony provides ample testimony to support the bankruptcy court's findings.

■ Kindred complains, however, that even if certain of the transfers were void under sections 55–80 and 55–81, the bankruptcy court erred in inferring that all the transfers for which Kindred provided no explanation were fraudulent.[3] Under Virginia law when the plaintiff makes a prima facie case of fraud, the burden shifts to the recipient of transfers to prove the payment of consideration or the existence of a bona fide debt. *Hutcheson v. Savings Bank of Richmond,* 129 Va. 281, 105 S.E. 677, 680 (1921); *Baldwin v. Winfree's Adm'r.,* 116 Va. 16, 81 S.E. 36, 37 (1914). The evidence establishing that Kindred and VBP had received fraudulent transfers shifted the burden of proving the legitimacy of the unexplained transfers to them. We find no error in the bankruptcy court's finding that Kindred produced insufficient evidence of consideration to justify the unexplained transfers.

Accordingly, the judgment of the bankruptcy court is affirmed.

AFFIRMED.

---

**3.** The trustee presented evidence concerning various loans and cash payments Kindred received from Runnells for landscaping and repairs as well as a large amount of unexplained direct payments. The bankruptcy court found Kindred had earned certain of the payments, but that many others were made without consideration.