In re Joseph GRABOWSKI, Debtor.

Joseph GRABOWSKI and Agnes Grabowski, Appellants,

v.

Jeffrey SAPIR, Appellee.

No. 91 Civ. 8153 (GLG).

United States District Court,
S.D. New York.

Feb. 12, 1992.

Jeffrey L. Sapir, White Plains, N.Y., for plaintiff.

Abraham Morris, Yonkers, N.Y., for defendants.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Joseph and Agnes Grabowski are appealing the bankruptcy court's decision to allow the trustee of Mr. Grabowski's bankruptcy estate to sell their home pursuant to 11 U.S.C. § 363(h).

The Grabowskis own a home in Hastings–on–Hudson, New York which was appraised a year ago as having a market value of $353,000. There is no mortgage on the property. When the house was purchased by the Grabowskis, they held title as tenants by the entirety. In March 26, 1973, Mr. Grabowski conveyed his interest in the home to Mrs. Grabowski, making her alone the owner of the house. This transfer was set aside by the New York Supreme Court on August 29, 1988 on the grounds that it was a fraudulent conveyance. This decision was affirmed by the Second Department of the Appellate Division on March 12, 1990 and leave to appeal was denied. *Fread v. Grabowski,* 159 A.D.2d 550, 552 N.Y.S.2d 415 (2d Dep't 1990).

Mr. Grabowski petitioned for bankruptcy in March 1989. The trustee of the estate filed an adversary proceeding seeking to sell the property despite Mrs. Grabowski's ownership interest in order to satisfy Mr. Grabowski's creditors. After two separate hearings on the matter, Judge Schwartzberg held that the judgment of the New York state court was valid and that, accordingly, Mr. and Mrs. Grabowski were co-owners of the home in Hastings. He also found that the conditions for the sale of co-owned property set forth in 11 U.S.C. § 363(h) were satisfied. Judgment was granted in favor of the trustee and the parties were instructed to settle an order.

The appellants challenge the judgment of the lower court on a number of very general and vague grounds. It appears that the appellants challenge the lower court's factual findings with respect to the validity of the New York court decision. Appellants also contend that the lower court did not make sufficient findings of material fact to sustain its conclusions of law, although they do not specify what their particular gripe is. Finally, appellants claimed that the lower court proceedings deprived them of due process.

The factual findings of the bankruptcy court are to be reversed only if "clearly erroneous". 11 U.S.C. Rule 8013. Appellants argue that Judge Schwartzberg erred in finding that the New York state judgment concerning the fraudulent conveyance was valid. We disagree. The judgment of the state trial court was issued after its full determination of the relevant facts. This judgment was affirmed and leave to appeal was denied. Judge Schwartzberg found that the judgment was properly recorded.[1] No basis exists, therefore, for a finding that the judgment was not valid. As the federal courts are bound to give full faith and credit to valid judgments of the state courts, the bankruptcy court was absolutely correct in finding that the transfer of

---

1. Appellants argue that the state court decision was not valid, citing the complicated provisions of New York's CPLR concerning the judgment roles kept by the state court system. State procedures carry a presumption of regularity. In addition, the appellants have not put forth any concrete evidence showing that the CPLR was not complied with. Thus, we must reject this argument.

property to Agnes Grabowski by her husband was nullified and that they were therefore tenants by the entirety.

Under 11 U.S.C. § 363(h), the bankruptcy court may permit the trustee to sell the interest of both the debtor and his co-owner in property in which the debtor had an interest prior to the commencement of the case provided that: 1) partition of the property among the estate and the co-owner is impracticable; 2) sale of the estate's undivided interest in the property would realize significantly less for the estate than sale of the property free of the interests of the co-owner; 3) the benefit to the estate of the sale free of the interests of the co-owner outweighs the detriment, if any, to the co-owner; and 4) the property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power. All four conditions must be satisfied in order for the trustee to sell the property. As the property in issue here is a residence, it is clear that the fourth prong of the test is satisfied. In addition, testimony at the hearing demonstrated that very little would realized if the property were sold by the interest as compared to the value that would be received if the entire interest in the property were sold at one time. And clearly, as the property is a single residence, partition would be impracticable.

The third condition in § 363(h) requires that the benefit to the estate in the sale of the property free of Mrs. Grabowski's interest outweighs the detriment to her. The trustee's showing of benefit was implicit in the testimony concerning the value of the property; however, the debtor made no showing to the court of detriment to Mrs. Grabowski.

Once the trustee made out a prima facie case demonstrating that the estate would benefit from the sale of the residence, the burden shifts to the debtor to show facts indicating why this sale should not be approved. *See Cameron v. Roemelmeyer*, 389 F.2d 599, 601 (5th Cir. 1968). The debtor offered nothing in this regard. The appellant was represented at the two hearings held on this matter: the first addressed to his motion for dismissal of the complaint, the second intended to determine the ultimate issue set forth in the trustee's complaint, i.e., whether the sale of the residence should be approved despite the existence of co-ownership. Additionally, appellants offered no evidence to demonstrate how the sale of the house would adversely affect Mrs. Grabowski, despite the fact that this Circuit recognizes non-economic factors in calculating the detriment. *See In re Persky*, 893 F.2d 15, 20–21 (2d Cir.1989). Instead, appellants chose to dedicate their entire argument to the validity of the New York state judgment—having lost on that argument, they cannot claim that they were deprived of due process, having had ample opportunity to put in evidence which may have forestalled the sale of their residence.

Appellants' other objections to the lower court's decision are equally groundless. The order of sale refers to the complaint which specifically describes the property by its common designation, namely, its street address. There is no requirement in any federal statute that property be described by metes and bounds. *See, e.g.*, 28 U.S.C. §§ 2001, 2002. The only description required is one that will allow potential buyers to identify the property—a minute description is unnecessary. Here, the scope of Judge Schwartzberg's order was readily ascertainable by reference to public records, and although to our mind, the common name of the property was no trouble to include in the order, its omission is not fatal. However, to reduce the amount of effort required by those reading the order, we hereby modify the October 8, 1991 order of the bankruptcy court to include the common name description of real estate.

Because we have found no clearly erroneous finding of fact nor any misapplication of law after our consideration of the two lower court decisions, the order of the bankruptcy court is affirmed.

SO ORDERED.