Jeffrey L. SAPIR, as Trustee in Bankruptcy of Claude Sartorius, Plaintiff–Appellee,

v.

Patricia SARTORIUS and Claude Sartorius, Defendants–Appellants.

No. 98 Civ. 4349(CM).

United States District Court, S.D. New York.

Feb. 24, 1999.

Dennis J. O'Sullivan, Flushing, New York, for defendants-appellants.

Jeffrey L. Sapir, Trustee, White Plains, New York, for plaintiff-appellee.

### OPINION AFFIRMING THE ORDER OF THE BANKRUPTCY COURT

McMAHON, District Judge.

This matter comes before me on appeal from the determination after trial of Bankruptcy Judge Adlai S. Hardin, Jr., which granted the Plaintiff–Appellee's motion for leave to sell the residence of Debtor and his wife in accordance with Section 363(h) of the United States Bankruptcy Code. The Order of the bankruptcy court is affirmed.

At the outset, I must note my deep sympathy for Judge Hardin. He referred to this as probably the most inadequately litigated and inadequately lawyered case he had ever seen (A.101), and I fear he was not wrong in his assessment. I can only conclude that both Appellants' lawyer and the Trustee were guilty of negligence bordering on malpractice in preparing and presenting this matter. The Pre–Trial Order is woefully inadequate; the Debtor and his wife in particular failed to prepare what was required under the Joint Pre–Trial Order. As a result, numerous serious objections and legal arguments were not made, or were not adequately made, before Judge Hardin. The parties did not do much better on the appeal; the Trustee's brief was particularly weak. However, the facts are reasonably clear.

The debtor in this case is Claude Sartorius. Mr. Sartorius is in his eighties. He filed for relief under Chapter 7 in December 1995. Until two months before the Petition was filed, Mr. Sartorius and his non-debtor wife, Patricia, owned a home located at 26 Claremont Avenue in Rye, New York, which they had purchased as tenants by the entireties in

1981. On October 25, 1995, Mr. Sartorius purported to transfer his interest in the house to his wife. According to the sworn schedules filed in connection with the Petition, Debtor's total liabilities were $18,000; proofs of claim were filed in the amount of $13,462.02. According to Debtor's schedules, he had no other property at the time he declared bankruptcy except for $1,250.00 in personal property. Therefore, the transfer to his wife within one year of filing was clearly intended to render him insolvent, and the Trustee brought the instant adversary proceeding in 1997 to set the conveyance aside. The Trustee also sought permission to sell the house pursuant to Section 363(h) of the Bankruptcy Code, which provides that a Trustee may under certain circumstances sell both the estate's interest and the interest of any co-owner "in property in which the debtor had, at the time of the commencement of the case, an *undivided* interest as a tenant in common, joint tenant, or tenant by the entirety." (emphasis added)

A trustee is required to show that four conditions are satisfied before a sale of property under Section 363(h) may take place: (1) that partition in kind of such property is impracticable; (2) that sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of the co-owners; (3) that the benefit to the estate from the sale of the property free from the co-owners' interests outweighs the detriment, if any, to the co-owners; and (4) that the property is not used in connection with certain energy producing industries. 11 U.S.C.A. § 363(h). Conditions 1 and 4 are concededly met; the trial before Judge Hardin was supposed to resolve whether Conditions 2 and 3 were satisfied.

There is little point in reiterating Judge Hardin's description of the trial (see A. 101–106); it is a tribute to his judicial temperament that he sat through so inept a presentation by both sides. At the outset, Judge Hardin denied a last-minute application for an adjournment of the trial, occasioned by the Debtor's alleged illness. Debtor contends that this administrative decision rendered him unable to litigate effectively.

However, it is not at all clear that Debtor's testimony was needed. The Debtor's wife was listed on the Pre–Trial Order as a witness and presumably she could have offered testimony concerning her interest in the premises (she allegedly paid the entire consideration for the house) and the detriment to herself were it to be sold. Indeed, she would have been the best possible witness on both those subjects. She did not, however, appear at the trial and counsel offered no excuse for her non-appearance.

In any event, at the conclusion of the presentation (such as it was) by the Trustee, Judge Hardin set aside the conveyance to the non-debtor wife and ordered the premises sold. No argument to the contrary having been made, Judge Hardin assumed that the Debtor had an undivided interest in the house, and concluded, on the meager evidence before him, that the sale of the entire fee interest in the house would realize more for the estate than would the sale of the estate's undivided interest in the property. He also ruled, in the absence of any testimony on behalf of the Sartoriuses, that the benefit to the estate of a sale of the house free of the non-debtor wife's interest exceeded any detriment to Mrs. Sartorius.

The Defendants have appealed. They contend (for the first time explicitly) that the Bankruptcy Court was not statutorily authorized to order the sale of the house because, under New York law, a person who owns as tenant by the entireties does not have an *undivided* interest in the property. In addition, Debtor and his wife contend that the Trustee failed to meet his burden under Section 363(h) of proving that the benefit to the estate of the sale would exceed any detriment to Mrs. Sartorius. Appellants also challenge the trial judge's decision to take judicial notice of Debtor's sworn schedules and of the proofs of claim filed in this matter. Finally, Appellants claim that the trial judge abused his discretion by denying a continuance of the trial to accommodate the Debtor's health problems.

■ This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo. See In re DG Acquisition Corp.,* 151 F.3d 75, 79 (2d Cir.

1998); *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir.1990).

### The Applicability of Section 363(h) to a New York Tenancy by the Entireties

The first issue presented by Appellants is that sale of their home is not authorized by Section 363(h) of the Bankruptcy Code because the Debtor did not enjoy an *undivided* interest in the property, as required by the plain language of the law. Debtor and his wife predicate this argument on Bankruptcy Judge Holland's exegesis in *In re Persky*, 134 B.R. 81 (Bkrtcy.E.D.N.Y.1991), where, on remand from the Second Circuit's far more widely cited ruling, *In re Persky*, 893 F.2d 15 (2d Cir.1989), he dismissed a Trustee's adversary proceeding on the ground (*inter alia*) that a tenancy by the entireties under New York law did not give rise to an undivided property interest in the debtor. Were Judge Holland to be correct, then Section 363(h) could never be used to authorize the sale of a home owned by a debtor and his/her spouse as tenants by the entireties under New York law.

The Trustee urges this Court not to reach this question, on the ground that the Appellants waived the point by not presenting it below. I have reviewed the Pre–Trial Order in this case, and there is no question that the issue was not presented explicitly. Issue of Law 6(f) reads as follows: "Whether, pursuant to 11 U.S.C. § 363(h), the Chapter 7 trustee is entitled to the Court's approval of the trustee's sale of both the interest of the bankrupt estate and of the co-owner defendant to the premises?" Arguably, that general statement implicates any issue that is germane to the applicability of Section 363(h) in this matter. However, it is undisputed that Appellants did not provide Judge Hardin with any memorandum of law (A. 98), nor did their counsel argue the point in the Bankruptcy Court or call Judge Hardin's attention to this issue at any time during the trial (see Trial Transcript, A. 86–119).

■ Normally, defenses not raised in a timely fashion in the trial court may not for the first time be asserted on appeal. *See, e.g., Ohio v. Madeline Marie Nursing Homes # 1 and 2*, 694 F.2d 449, 459 (6th Cir.1982); *Langton v. Berman*, 667 F.2d 231, 233 (1st Cir.1981). The principal reason for this rule is that it would be unfair if litigants were "surprised on appeal by final decision there of issues upon which they ha[d] no opportunity [below] to introduce evidence." *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). However, appellate courts do have discretion to examine issues raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Levy v. Kindred*, 854 F.2d 682, 685 (4th Cir.1988); *Stewart v. Hall*, 770 F.2d 1267, 1271 (4th Cir.1985). This Court will exercise that discretion to decide whether the Bankruptcy Court had statutory authority under Section 363(h) to sell the interest of the home owned by the Debtor and his spouse as tenants by the entireties under New York law. The issue is purely legal, the relevant factual record is developed, and there is a risk that declining to reach the argument would result in a miscarriage of justice. *See, e.g., In re 604 Columbus Avenue Realty Trust*, 968 F.2d 1332, 1343 (1st Cir.1992) (setting forth criteria for reviewing issues not presented to the court below). *See also United States v. Golon*, 511 F.2d 298, 300–01 (1st Cir.1975) ("salient factor" in hearing issue not raised below was that the "strictly legal" issue was "presented on the face of the statute"); *but cf. Matter of Newman*, 903 F.2d 1150, 1151 n. 1 (7th Cir.1990) (declining to resolve "highly fact-based dispute" improperly raised on appeal); *Dobb v. Baker*, 505 F.2d 1041, 1044–45 (1st Cir.1974) (refusing to hear argument not raised below in part because additional evidence required for proper resolution). Here, because the issue is a purely legal one, the Trustee cannot complain that appellate resolution of this issue will deprive him of an opportunity to introduce relevant evidence.

■ I turn, then, to the underlying question. The entire discussion of this issue in this Circuit is to be found in the two above-cited opinions in the *Persky* matter. In *In re Persky*, 78 B.R. 657 (Bankr.E.D.N.Y.1987) (*Persky I*), the Bankruptcy Court had denied a trustee's application under § 363(h) for permission to sell a marital home owned as tenants by the entireties, on the ground

that, under New York law, a debtor's interest in property as a tenant by the entireties is not an undivided interest therein, and thus is not subject to sale under § 363(h), which provides for the sale of property in which the estate holds only a part interest. The Bankruptcy Judge's decision was affirmed by the District Court, 108 B.R. 418 (E.D.N.Y.1989), and the trustee appealed. The Second Circuit reversed and remanded for a trial to determine whether the detriment to the non-debtor co-owner of a sale of the entire tenancy outweighed the benefit to the estate.

In its opinion reversing *Persky I*, the Court of Appeals stated "[t]he interests of a tenant by the entirety are a right to the use of an *undivided* half of the property during the joint lives of a husband and wife and a survivorship right to the entire fee. Each tenant by the entirety is said 'to be seized of the whole estate, and [such tenants] do not take by moieties....'" *In re Persky*, 893 F.2d at 19 (emphasis added) (quoting *Hiles v. Fisher*, 144 N.Y. 306, 312, 39 N.E. 337 (1895)). Having so ruled, the Circuit went on to conclude that the debtor husband's interest in his marital abode was not exempt from process under New York law and that the non-debtor spouse's interest in the house could be sold, provided the four conditions of the statute were met.

On remand, Judge Holland again dismissed the trustee's application. *In Re Persky*, 134 B.R. 81 (Bankr.E.D.N.Y.1991) (*Persky II*). After analyzing property law going back to the Middle Ages, he concluded that, at least in New York, two of the three aspects of a tenancy by the entirety—ownership (or title) and survivorship—were not undivided interests, although the remaining right—usufruct—was undivided by virtue of New York's Married Women's Property Act.[1]

After concluding that prior courts, including the Circuit in the appeal from *Persky I*, had simply assumed without deciding that Section 363(h) applied to tenancies by the entireties, Judge Holland proceeded to analyze whether Section 363(h) authorized such a sale in New York. He concluded that such a sale was not statutorily authorized, notwithstanding the fact that the debtor had an undivided interest in the usufruct under New York law, because usufruct was merely one of the incidents of an ownership interest and could not be separately sold. *See Persky II*, 134 B.R. at 90. Judge Holland went on to hold that Section 363(h) did not apply to rights which had vested prior to the passage of the Bankruptcy Code in 1978,[2] and that the Section was unconstitutional as applied to the facts of that case because it went beyond the scope of power granted to Congress in the Bankruptcy Clause. *See Persky II*, 134 B.R. at 90–99. He therefore refused to hold the trial that the Second Circuit had ordered after reversing *Persky I*. Apparently, the trustee was too exhausted to take an appeal from this interesting, if questionable, decision, so the Second Circuit never opined on Judge Holland's analysis.

Judge Holland's decision is rarely cited and never, to the best of this Court's knowledge, followed for the proposition that property owned by the entireties is not subject to sale by a trustee under Section 363(h) of the Bankruptcy Code. On the other hand, numerous cases decided in this Circuit and elsewhere since *Persky II* have continued to apply Section 363(h) to authorize the sale of property owned as tenants by the entireties. *See, e.g., In re Kahan*, 28 F.3d 79 (9th Cir. 1994); *In re Garner*, 952 F.2d 232 (8th Cir. 1991); *In re Rivera*, 214 B.R. 50 (D.P.R.

---

1. For the proposition that ownership by the entireties is not an undivided interest, Judge Holland cited such New York authorities as *Reister v. Town Board of Town of Fleming*, where New York's highest court, the Court of Appeals, stated "[o]nce we consider the nature of the tenancy by the entirety—a tenancy whose salient characteristic is the unique relationship between a husband and his wife—*each of whom is seized of the whole and not of any undivided portion of the estate,* it can be said that both and each own the entire fee." *Persky II*, 134 B.R. at 86–87 (emphasis added) (quoting *Reister v. Town Board,* 18

N.Y.2d 92, 271 N.Y.S.2d 965, 218 N.E.2d 681 (1966)). For the apparently more questionable proposition that the survivorship interest is not an undivided interest, Judge Holland simply stated that "New York courts, *at least implicitly,* do not view the survivorship right as an undivided interest." *Persky II*, 134 B.R. at 89 (emphasis added).

2. This ruling is not relevant to our case, as the Sartoriuses acquired their property in 1981.

1997); *In re Grabowski,* 137 B.R. 1 (S.D.N.Y. 1992); *In re Pielli,* No. 91–4364(CSF), 1991 WL 274225 (D.N.J. Dec. 16, 1991).

This generally-followed rule makes the most sense of the literal language of the statute, which provides that a court may authorize a sale under Section 363(h) whenever a debtor had *"an* undivided interest" prior to bankruptcy. *See* 11 U.S.C.A. § 363(h) (emphasis added). Even under Judge Holland's analysis, Mr. Sartorius had *an* undivided interest in the marital home at the commencement of his Chapter 7 proceeding—his interest in the usufruct was undivided, and perhaps (given the paucity of support cited by Judge Holland) his interest in the survivorship as well. Judge Holland himself admitted that the interpretation he adopted seemed illogical, but he concluded that any other reading of Section 363(h) would throw the word "undivided" out of the statute. *See Persky II,* 134 B.R. at 90. As the Bankruptcy Judge's exhaustive analysis of the law of property uncovered *an* undivided interest in the debtor, which is all the statute requires, his conclusion is literally incorrect. Moreover, Judge Holland's interpretation reads the entire concept of tenancy by the entirety out of the statute.[3] I conclude, therefore, that Judge Hardin did not err in applying Section 363(h) to the Sartoriuses, notwithstanding the fact that they owned their house as tenants by the entireties.

**The Burden of Proof and Evidentiary Issues**

That does not, however, dispose of this appeal. Appellants also contend that the burden of proving compliance with the four conditions of Section 363(h) rested with the Trustee; that the Trustee failed to come forward with sufficient evidence to sustain his burden; and that the Bankruptcy Court erred in concluding that the benefit of the sale to the estate outweighed the burden to the non-debtor spouse, Patricia Sartorius.

■ That the ultimate burden of proving compliance with each of the four statutory conditions for a Section 363(h) sale rests with the Trustee is not seriously open to dispute. *See In re Gauthreaux,* 206 B.R. 502, 505, 506 (Bankr.N.D.Ill.1997); *In re Gillissie,* 215 B.R. 370, 380 (Bankr.N.D.Ill.1997); *In re Levenhar,* 30 B.R. 976, 981 (Bankr.E.D.N.Y. 1983). Indeed, the Trustee does not dispute that the ultimate burden is his. Rather, he claims (inartfully) that he satisfied his burden of going forward by producing some evidence tending to show that the benefit to the estate outweighed the burden to Mrs. Sartorius, and that the Appellants produced no evidence whatsoever tending to show that this conclusion was wrong. That being the case, he argues, he wins the point. Appellants, by contrast, contend that they had no burden to come forward with any evidence, since the entire burden rested with the Trustee.

■ Appellants are wrong to the extent that they contend that the burden of proof in an adversary proceeding under Section 363(h) is, in effect, the same as the burden of proof in a criminal case—that is, the debtor and his spouse have no burden to come forward with any evidence, while the Trustee must offer evidence of the effect of a sale on the non-debtor spouse. Judge Goettel's decision in *In re Grabowski,* 137 B.R. 1 (S.D.N.Y.), *aff'd without opinion,* 970 F.2d 896 (2nd Cir.1992) is instructive. There, the trustee (ironically, the same trustee as in this case) offered some evidence of the value of the property, and the Court ruled that "the trustee's showing of benefit was implicit in the testimony concerning the value of the property." *In re Grabowski,* 137 B.R. at 3. Judge Goettel then went on to say, "Once the trustee made out a prima facie case demonstrating that the estate would benefit from the sale of the residence, the burden shifts to the debtor to show facts indicating why this sale should not be approved. The debtor offered nothing in this regard ... despite the fact that this Circuit recognizes non-economic factors in calculating the detriment [to the non-debtor spouse]." *Id.* (citations omitted).

---

**3.** Judge Holland stated that Section 363(h) could be applied as written to entireties properties in states that recognize the undivided nature of the ownership interest in such property, but he did not identify a single state that so recognized a tenancy by the entireties (citing only a wholly inapposite decision of the United States Supreme Court, *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) for his proposition that there were such states).

Appellants here argue that *Grabowski* was wrongly decided, but all Judge Goettel did was apply the usual rule in a civil case (like this one): the party with the burden of proof has the burden of going forward and making out a prima facie case, the other party has the burden of rebutting that prima facie case, and the party with the burden of proof (in this case, the Trustee) must ultimately persuade the trier of fact by a preponderance of the credible evidence. Assuming, then, that the Trustee here made out a prima facie case, there is no excuse for Appellants' failure to put in some evidence of the detriment to Mrs. Sartorius.

The question, then, becomes whether the Trustee made out a prima facie case by submitting the Bankruptcy Schedules, the proofs of claim, and a letter from Mr. Sartorius setting forth the price at which he purchased the house and his estimate of its current market value. The first question is whether that evidence should have been admitted; the answer is yes. Judge Hardin correctly allowed both the sworn schedules prepared by Debtor and appended to his Bankruptcy Petition (which constitute an admission by the Debtor) and the proofs of claim filed against the Debtor (which, without reference to whether the claims were valid, set the cap on debtor's liabilities and enabled the judge to draw a conclusion with regard to the Trustee's fraudulent conveyance claims) to be admitted as evidence at the trial. Counsel for the Defendants raised no legitimate objection at trial to admission of those documents. Furthermore, as the judge noted during the trial, all objections to documentary evidence were to have been raised in the Pre-Trial Order, and none were. One cannot escape the conclusion that Defendants' counsel toyed with the court and refused to take his obligations under the rules seriously. Whether his actions and inactions represented a conscious strategic course or were simply negligent, they did not serve his clients' interests well. Unfortunately, it is the clients who must live by the consequences.

Since the evidence was admissible, Appellants cannot avoid a sale of the house, because they offered *no* evidence to controvert the Trustee's evidence of value and *no* evi-

dence of detriment to Mrs. Sartorius. The Trustee's evidence, however meager, was enough to permit Judge Hardin to find that a prima facie case had been made that the estate would benefit from the sale of the undivided interest of the Sartoriuses. "Payment of a significant dividend to creditors from the sale of [a] property is a substantial benefit to the estate." *In re Gillissie*, 215 B.R. 370, 380 (Bankr.N.D.Ill.1997) (citing *In re Vassilowitch*, 72 B.R. 803, 807 (Bankr. D.Mass.1987); *In re Ivey*, 10 B.R. 230, 232–33 (Bankr.N.D.Ga.1981)). On its face, the evidence of value presented by the Trustee showed a significant dividend would accrue to the estate even after payment to Mrs. Sartorius for her interest in the property. I am constrained to find a showing of some benefit to the bankruptcy estate where a property, admitted by the Debtor himself to be worth significantly more than the Debtor's liabilities, would be sold to cover those debts; creditors of the estate surely would be dismayed to be told that sale of the property would provide *no* benefit to the bankrupt's estate.

As the *Grabowski* case instructs, as long as some benefit to the estate is shown through evidence of the value of the property, the burden then shifts to the Defendants to present testimonial or other evidence of detriment to the non-debtor spouse, or to rebut the Trustee's evidence of value if necessary. *See In re Grabowski*, 137 B.R. at 3. Again, either by unwise strategy or through sheer negligence, the Defendants' attorney presented nothing. Because Section 363(h) of the Bankruptcy Code gives the Trustee a potentially powerful tool that affects a non-debtor, the statute has a built in limitation—namely, subsection (h)(3)—aimed at the protection of the non-debtor. Even so, that limitation on the Trustee is intended to "serve as a shield for the [non-debtor] co-owner, not as a sword for use by the debtor." *In re Siegel*, 204 B.R. 6, 9 (Bankr.W.D.N.Y.1996). Rather than taking advantage, at trial, of the built-in protections afforded by the statute, the Sartoriuses seek now to use Section 363(h)(3) as a sword. The time to have countered the Trustee's evidence of value and of benefit to the estate was at trial, when it came time for the Defendants to put on a case. The evi-

dence of value introduced by the Trustee came from the mouth of Mr. Sartorius, and Mr. and Mrs. Sartorius and their attorney had both the incentive and the opportunity to rebut that evidence, to draw Judge Hardin's attention to any inaccuracies in the value Mr. Sartorius had previously sworn to, or to provide more concrete evidence that the equity value of the home was different from the earlier stated amount.

Furthermore, particularly in this Circuit, where both economic and non-economic factors are used in calculating detriment to the non-debtor spouse, see *In re Persky*, 893 F.2d at 20–21, it was incumbent upon the Defendants to come forward with evidence of the detriment, if any, to Mrs. Sartorius from the sale of the home. Evidence of this type could easily have been provided through the testimony of Mrs. Sartorius, who for unexplained reasons did not testify at trial. Nor was any argument regarding detriment made on her behalf by the Sartorius's attorney at trial. In short, the Appellants now seek a second chance to present evidence they could have and should have presented at their first trial. Because I find that it was not error for Judge Hardin to accept the Trustee's evidence of value as having established a prima facie case of benefit, albeit of the thinnest sort, I cannot give the Appellants that second chance. Rather, I must conclude that the Trustee ultimately prevailed when no evidence of detriment was offered under Section 363(h)(3) by the Defendants.

■ Finally, Appellants argue that they were prevented from litigating effectively because Judge Hardin abused his discretion in going forward with the trial despite the receipt of a physician's note from Mr. Sartorius's doctor. I conclude that Judge Hardin did not abuse his discretion. After reviewing the note (A. 82–83), Judge Hardin observed that the Debtor was not ill at the time the application for an adjournment was made. He had recovered from his pneumonia and there was no medical evidence that his recent fainting spell would recur if he came to court. The Bankruptcy Judge's observation that a trial would probably be stressful for any 84 year-old might seem callous, but he correctly noted that Mr. Sartorius had availed himself of recourse to the courts and had to deal with the consequences.

More important, there is no evidence on this record that prejudice would have resulted even if the Debtor was unable to testify. Mrs. Sartorius was over a decade younger than her husband and did not submit a doctor's note. It was she, not her husband, who could give relevant testimony concerning the non-economic harm she would suffer if she lost her home at her advanced age. Moreover, as it is alleged that Mrs. Sartorius paid for the home, it is her financial records, not his, that were pertinent to the Court's inquiry. In the absence of any explanation for her absence from the trial, I cannot find that the Appellants were precluded from a meaningful opportunity to litigate their claims.

In accordance with the above findings, the Order of the bankruptcy court is affirmed.