In re Kevin McDOW, Debtor.

**Charles W. Grant, as Trustee for the Estate of Kevin McDow, Plaintiff,**

v.

**James Rodney McDow, Jr., and Judith McDow, Defendants.**

**Bankruptcy No. 99–03078–3F7.
Adversary No. 99–279.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 28, 2000.

Nina M. LaFleur, Jacksonville, FL, for Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This adversary proceeding came before the Court for trial on the complaint filed by Plaintiff, Charles W. Grant, Trustee, seeking authorization to sell the Defendants' interest in certain real property pursuant to 11 U.S.C. § 363(h). The trial of this adversary proceeding took place on March 21, 2000. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Defendants are the stepmother, Judith McDow, and brother, James R. McDow, Jr., of Kevin McDow ("Debtor"), Debtor in the underlying Chapter 7 bankruptcy case. Debtor filed a voluntary Chapter 7 petition on April 28, 1999 and Plaintiff, Charles W. Grant ("Trustee"), was appointed as Trustee. Although not listed in Debtor's schedules, Trustee discovered that Debtor had an interest in certain real property located in Citrus County, Florida and described as follows:

> Lots 87 and 88, Tanglewood, as recorded in Plat Book 7, Page 111, Citrus County, Florida. Also known as 5000 N. Carl G. Rose Highway, Hernando, Florida.

Trustee's search of Citrus County property records revealed that Debtor, and Defendants, Judith McDow and James R. McDow, Jr., held interests in the above-described real property. On September 20, 1999, Trustee commenced this adversary proceeding to obtain authorization to sell this Property pursuant to 11 U.S.C. § 363(h). Defendant, Judith McDow, failed to file an answer and a default judgment was entered against her on November 12, 1999.

Defendant, James R. McDow, Jr. ("Defendant"), filed an answer in which he claimed that the Property was not part of Debtor's bankruptcy estate and that Trustee had no interest in the Property. However, Defendant, James R. McDow, Jr., failed to appear at a deposition scheduled for January 25, 2000. Due to this failure to appear, Trustee filed a motion to strike pleadings and for entry of a default

judgment.[1] Additionally, Defendant, James R. McDow, Jr., failed to appear at the trial on March 21, 2000. Upon the evidence presented at trial and for reasons set forth herein, the Court finds that Trustee is authorized to sell the Property pursuant to 11 U.S.C. § 363(h).

### CONCLUSIONS OF LAW

■ Trustee's complaint seeks authorization to sell both Debtor's and Defendants' interest in the Property pursuant to Section 363(h) of the Bankruptcy Code.[2] Under 11 U.S.C. § 363(h), the Court may permit Trustee to sell the interest of both Debtor and his co-owners in property in which Debtor had an interest prior to the commencement of the case provided that: 1) partition of the property among the estate and the co-owner is impracticable; 2) sale of the estate's undivided interest in the property would realize significantly less for the estate than sale of the property free of the interests of the co-owner; 3) the benefit to the estate of the sale free of the interests of the co-owner outweighs the detriment, if any, to the co-owner; and 4) the property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power. All four conditions must be satisfied in order for Trustee to sell the property. *See Grabowski v. Sapir (In re Grabowski )*, 137 B.R. 1, 3 (S.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir.1992).

1. The Court denied this Motion prior to trial and will enter a separate order thereon.

2. Section 363(h) of the Bankruptcy Code provides that:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if-
> (1) partition in kind of such property among the estate and such co-owners is impracticable;

■ The evidence presented establishes that prior to the Petition Date, James R. McDow, Debtor's father, owned the Property.[3] Subsequently, Debtor's father transferred the Property to "James R. McDow, Jr. or Kevin B. McDow" by quit claim deed dated August 18, 1992. The Court construes the word "or" as used in the August 18, 1992 quit claim deed from James R. McDow to James R. McDow, Jr. or Kevin B. McDow as the word "and". Under this construction, the word "or" as used in the deed under consideration must be construed as having a conjunctive, and not a disjunctive, meaning. *Cf.* § 689.15, Fla. Stat. (2000) (transfer of real property to two or more shall create tenancy in common unless instrument creating the estate expressly provides for right of survivorship). The Court notes a preference to follow the intent of a grantor when such intent can be ascertained. *See* Fl. Jur.2d Deeds § 103 (1998). However, in this case there is no evidence of grantor intent. Accordingly, the Court finds that under the August 18, 1992 quit claim deed, Defendant and Debtor owned the Property as tenants in common.

■ The evidence further showed that Defendant transferred Defendant's interest in the Property back to James R. McDow, his and Debtor's father, by quit claim deed dated November 4, 1992. Since the Court finds that the Property

> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h) (West 2000).

3. Trustee alleges that Debtor's father, James R. McDow, was married to Judith McDow at the time of the transfer, thus her inclusion in this adversary proceeding.

was held as a tenancy in common by Defendant and Debtor at that time, Defendant only transferred his undivided interest in the Property and not Debtor's interest. Accordingly, Debtor continued to own an undivided interest in the Property.

■ On November 23, 1994, Defendant and Debtor's father executed his Last Will and Testament in which he devised any real estate he may own to Defendant. Defendant and Debtor's father died on April 7, 1995 and his interest in the Property passed back to Defendant pursuant to the will. The Court finds that Debtor continued to own an undivided interest in the Property throughout these transfers.[4] Upon the filing, Debtor's interest in the Property became property of his bankruptcy estate pursuant to 11 U.S.C. § 541 and subject to liquidation by Trustee. Trustee testified that he personally examined the Property on several occasions. The Property consists of two adjoining lots with a dilapidated mobile home existing on one lot. The lot with the mobile home also includes a well and a cable for electricity. The Trustee further testified that the cost to remove the mobile home could be substantial. Therefore, partition of the Property would be impracticable.

Having more than 20 years of experience in valuing and selling debtors' properties, the Court values Trustee's opinion that sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of the Property free of the interests of the co-owners. The Court finds the sale of the estate's undivided interest in the Property would realize significantly less than sale of the Property as a whole.

Plaintiff introduced the Citrus County Property Appraiser's statement dated July 21, 1999 evidencing an appraised value of the Property at $28,000.00. Based upon this evidence and the testimony of Trustee, the Court finds that the benefits of selling the Property will outweigh any detriments. Finally, there is no evidence of energy production on the Property and the Court finds that Trustee satisfied his burden of establishing all elements of 11 U.S.C. § 363(h). Defendant, James R. McDow, Jr., did not appear to rebut the Trustee's position or to present evidence of his own. Nonetheless, Section 363 of the Bankruptcy Code provides co-owners certain protections.[5]

There being no evidence of detriment to the Defendants, the Court finds that Trustee's proposed sale, in conjunction with the protections afforded by the Bankruptcy Code, will provide a sufficient benefit to the estate to authorize the sale.

### CONCLUSION

The evidence provides that on the date of filing of this petition, both the estate and the Defendants held an interest in the Property. Trustee, having established the elements of 11 U.S.C. § 363(h), is authorized to sell the Property in accordance with 11 U.S.C. § 363(h). The Court will enter a separate judgment in accordance with these Findings of Facts and Conclusions of Law.

---

4. Plaintiff's evidence concerning the chain of title of the Property did not relate back to a common source.

5. Co-owners have the right to purchase the property at a trustee's proposed sale price.

See 11 U.S.C. § 363(i) (West 2000). Additionally, co-owners are entitled to a percentage of the proceeds of sale according to their interest. See 11 U.S.C. § 363(j) (West 2000).