**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-2359**

—————

SOUTHERN MANAGEMENT CORPORATION RETIREMENT TRUST,

Plaintiff - Appellee,

v.

ROBERT FULTON ROOD, IV,

Defendant – Appellant,

and

CHARLES TIMOTHY JEWELL,

Defendant,

and

GARY A. ROSEN,

Trustee.

—————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, Chief District Judge.  (8:11-cv-03059-DKC; 08-17199-PM; 09-00188-PM)

—————

Submitted:  June 24, 2013          Decided:  July 10, 2013

—————

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

John O. Iweanoge, II, IWEANOGE LAW CENTER, Washington, D.C., for Appellant. Paul Sweeney, YUMKAS, VIDMAR & SWEENEY, LLC, Annapolis, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert F. Rood, IV, appeals from the district court's order affirming the judgment of the bankruptcy court finding him liable for fraud and civil conspiracy and fraudulent conveyance of corporate assets under Maryland law. Rood challenges the sufficiency of the evidence to support the judgment and he contends that the bankruptcy court erred by proceeding with the trial when a prior judgment had been entered against him based on the same conduct, and that the bankruptcy court abused its discretion by prohibiting him from introducing evidence and testifying at the trial.

Fraud, under Maryland law, requires evidence that the defendant made a false representation to the plaintiff, that the defendant knew the statement was false or made the statement with reckless indifference to the truth of the statement, that the misrepresentation was made with the purpose of defrauding the plaintiff, and that the plaintiff reasonably relied on the statement and suffered damages from that representation. Gourdine v. Crews, 955 A.2d 769, 791 (Md. 2008); VP Corp. v. Wrexham Aviation Corp., 715 A.2d 188, 193 (Md. 1998). Civil conspiracy requires a showing that one or more other persons agreed "to accomplish an unlawful act or to use unlawful means to accomplish an act not itself illegal" and that the act or means employed resulted in loss or damage to the plaintiffs.

3

Mackey v. Compass Mktg., Inc., 892 A.2d 479, 485 (Md. 2006). For fraudulent conveyance, the plaintiff must show that a transfer was made while the transferor was insolvent or that the transfer rendered the transferor insolvent and no fair consideration was given for the transfer. Lacey v. Van Royen, 267 A.2d 91, 93-95 (Md. 1970). With these standards in mind, we have reviewed the evidence in this case and we find that the bankruptcy court's judgment as to each cause of action was supported by sufficient evidence.

Rood also contends that the bankruptcy court erred by proceeding with the trial in light of his assertion of the defense of res judicata. Southern Management Corporation Retirement Trust ("SMCRT") had filed a previous adversary proceeding against Rood. The bankruptcy court entered a default judgment against Rood in that case in the amount of $13,876,353.47.

Prior to resolution of SMCRT's adversary proceeding, the bankruptcy trustee for Rood's bankruptcy estate and for the numerous entities controlled by Rood which were also in Chapter 7 bankruptcy, filed the adversary proceeding underlying this appeal. Although Rood asserted res judicata as an affirmative defense, he did not move to dismiss the complaint or move for summary judgment on that basis.

4

The case proceeded to trial without an objection by Rood on the basis of res judicata. In the Memorandum of Decision entering judgment against Rood, the bankruptcy court acknowledged SMCRT's judgment against Rood in the prior proceeding and ruled that "the Plaintiffs' recovery from Rood in the prior case [] should be credited and thus damages in this case are not an additional recovery but rather are co-extensive with that judgment. The plaintiff is not entitled to double recovery for the same injury."

Generally, res judicata is asserted as a basis for dismissing a complaint or entering summary judgment for a party. The doctrine of res judicata was "'designed to protect litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161-62 (4th Cir. 2008) (internal quotations omitted)). Where, as here, the issue was not presented to the court for a ruling until after a trial on the issues, the defense is waived. Because the bankruptcy court limited SMCRT's recovery under the single recovery rule, Rood cannot show that he was harmed by the entry of judgment in this action. We find no abuse of discretion by the district court by declining to address this issue, which was raised for the first

time on appeal. See Levy v. Kindred, 854 F.2d 682, 685 (4th Cir. 1988).

Rood also asserts that the district court erred by prohibiting him from presenting any evidence and calling any witnesses as a sanction for his repeated discovery violations. Rule 37(d) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Fed. R. Bankr. P. 7037(a), affords the trial court wide discretion to sanction a party for failing to comply with discovery requests and orders. Fed. R. Civ. P. 37(d). This court reviews the decision to sanction a party for discovery violations for abuse of discretion. National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976); Mutual Fed. Sav. and Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Factors to consider in reviewing a discovery sanction are whether the violations were done in bad faith, any prejudice to other parties, the need for deterrence, and whether a less severe sanction would be effective. Southern States Rack & Fixtures, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003); Mutual Fed. Sav. & Loan, 872 F.2d at 92.

We have reviewed the record in light of these standards and conclude that, in light of Rood's continuing violations of discovery orders and failure to comply with the bankruptcy court's prior sanctions order, the bankruptcy court

did not abuse its discretion by prohibiting Rood from testifying or presenting evidence in this case.  See Fed. R. Civ. P. 37(b)(2)(A) (made applicable to bankruptcy cases by Fed. R. Bankr. P. 7037(a)); Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) ("A primary aspect of th[eir] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."); see also Mut. Fed. Sav. & Loan, 872 F.2d at 94 (upholding default judgment entered as a sanction stating, the "judicial system will not tolerate repeated misconduct . . .").

Accordingly, we affirm the district court's order upholding the judgment of the bankruptcy court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7